IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTHER SPEIRS and STANLEY SPEIRS, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 07-3610 |
| MARRIOTT INTERNATIONAL, t/a RENAISSANCE PHILADELPHIA HOTEL AIRPORT, et al., | : | |
| Defendants. | : | |

<u>MEMORANDUM</u>

**ROBERT F. KELLY, Sr. J.**                                                                      **OCTOBER 20, 2009**

  Presently pending before the Court is the Motion for Summary Judgment filed by Defendant Columbia Sussex Corporation ("Columbia Sussex"). For the following reasons, Columbia Sussex's Motion will be denied.

**I.  BACKGROUND**

  On October 30, 2007, Plaintiffs Esther Speirs ("Ms. Speirs") and Stanley Speirs ("Mr. Speirs") (collectively "Plaintiffs") filed a Complaint in this Court against Defendants Marriott International, Inc. t/a Renaissance Philadelphia Hotel Airport, CSGP, Inc., Columbia Sussex, C.S. Hotels Limited Partnership, and Stanley Access Technologies, LLC[1] ("Stanley") as a result of an incident where Ms. Speirs was allegedly struck by an automatic sliding door at the entrance

---

[1] Stanley Access Technologies, LLC was the manufacturer of the automatic doors at issue. The party was originally named as Stanley Works, Inc. and/or Stanley Magic Door. On November 2, 2007, the caption was amended to reflect the appropriate corporate entity name.

of the Renaissance Philadelphia Hotel Airport (the "Hotel").[2]  On August 28, 2009, Columbia Sussex filed the instant Motion for Summary Judgment.  Both Plaintiffs and Defendant Stanley filed Responses to Columbia Sussex's Motion requesting that it be denied.

Plaintiffs' claims stem from the aforementioned incident that occurred on September 1, 2005 at the Hotel located at 500 Steven Drive, Philadelphia, Pennsylvania.  Ms. Speirs contends that while she was entering the Hotel she was struck in the left upper arm by an automatic sliding door, and knocked to the ground.  Ms. Speirs alleges that she suffered injury to her left arm, right arm, and right shoulder as a result of the incident.

In Count I of the Complaint, Ms. Speirs sets forth a negligence claim against Columbia Sussex on the basis that the company allegedly breached its duty to her through the negligent and careless operation and/or maintenance of the automatic sliding doors.  Additionally, in Count III of the Complaint, Mr. Speirs makes a loss of consortium claim against Columbia Sussex on the grounds that he was allegedly deprived of his wife's society and services as a result of the accident at the Hotel.[3]

The Hotel had two automatic sliding doors at the entrance to the lobby – an internal door and an external door.  Ms. Speirs was allegedly struck by the external one.  Fred Grabosky ("Grabosky") was General Manager of the Hotel on September 1, 2005, and had been in that

---

[2] Columbia Sussex operated the hotel on the date of the incident.  Thus, the parties agreed by stipulations to dismiss the action as to Defendants Marriott International, Inc., CSGP, Inc., and C.S. Hotels Limited Partnership.  These stipulations were filed with the Court on November 27, 2007 and December 13, 2007.

[3] In Count III of the Complaint, Ms. Speirs also makes negligence and strict liability claims against Stanley.  These claims are not at issue in the instant Motion filed by Columbia Sussex.

position for approximately three years prior to that time. Grabosky testified that several times prior to the incident there were issues with the automatic sliding doors where they would not close. (Grabosky Dep. 18:13-19:5.) Stanley's service call records indicate that it was called to the Hotel on multiple occasions prior to September 1, 2005 because of problems with the doors. Moreover, the records indicate that it needed to replace sensors on both doors at different times. Specifically, on April 5, 2004, Stanley needed to replace a motion sensor on the external door because it was stuck in the open position.

     Grabosky testified that he was not aware of any formal maintenance plan with Stanley where the manufacturer would perform periodic maintenance on the doors. (Id. 14:18-15:10; 30:18-31:12.) Moreover, Grabosky was not aware if there had ever been a request for preventative maintenance from Stanley prior to the date of incident while he was at the Hotel. In contrast, the record reflects that Hotel employees only requested that Stanley perform repairs on an as-needed basis. Further, outside of employees like himself using the doors on a regular basis, Grabosky did not know if Hotel employees conducted any type of daily or formal inspection of the doors. (Id. 41:2-10.) Dennis Canlas, Chief Engineer at the Hotel subsequent to the date of the incident, also testified that he was not aware of any detailed inspection program for the doors. (Canlas Dep. 17:10-18:4.)

     Plaintiffs' expert, Warren F. Davis, Ph.D. ("Davis"), submitted a report in this case wherein he states that "Renaissance personnel were not performing proper 'Daily Safety Checks' on the subject door as required by the door manufacturer, defendant Stanley, and the AAADM [American Association of Automatic Door Manufacturers], prior to Mrs. Speirs's accident on September 1, 2005." (Pls.' Expert Report at 14-15.) In addition, Davis concludes that the Hotel:

(1) "failed to provide a door that was reasonably safe for all anticipated users"; (2) "failed to obtain a copy of the Owner's Manual for the subject door"; and (3) "failed adequately to instruct and train its employees on both the need to perform and how to perform the 'Daily Safety Check[s]' on its automatic pedestrian doors." (Id. at 28.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts

showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III.    DISCUSSION

**A. General Premises Liability Law**

Pennsylvania premises liability law applies in this diversity case. Pursuant to Pennsylvania law, the elements of negligence are: (1) the existence of a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the breach of duty and the resulting injury; and (4) actual loss or damage. Krentz v. Consol. Rail Corp., 910 A.2d 20, 27 (Pa. 2006).

The nature of any duty hinges upon the relationship of the parties at the time of plaintiff's injury. Pittsburgh Nat'l Bank v. Perr, 637 A.2d 334, 336 (Pa. Super. Ct. 1994). In premises liability cases, the duty of care that a possessor of land owes to an entrant upon the land depends on whether the entrant is a trespasser, licensee, or invitee. Gutteridge v. A.P. Green Servs., Inc., 804 A.2d 643, 655 (Pa. Super. Ct. 2002). Here, there is no dispute that Ms. Speirs was a business invitee of the Hotel.

Pennsylvania courts have adopted the Second Restatement of Torts to determine the duty owed by a possessor of land to an invitee on his or her property. Kirschbaum v. WRGSB Assoc., 243 F.3d 145, 152 (3d Cir. 2001) (citing Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983)).

As outlined in the Restatement of Torts, a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land if, but only if, the possessor:

> a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts §343 (1965).

Importantly, a business owner "is not an insurer of its customers' safety." Flocco v. Super Fresh Mkts., No. 98-902, 1998 WL 961971, at *3 (E.D. Pa. Dec. 29, 1998) (citing Moultrey v. Great Atl. & Pac. Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980)). The "mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." Myers v. Penn Traffic Co., 606 A.2d 926, 928 (Pa. Super. Ct. 1992).

### B. Notice of the Condition

In a premises liability action, the threshold inquiry is whether the possessor of land had notice of the hazardous condition. Howler v. Wal-Mart Stores, Inc., No. 08-1736, 2009 WL 1688474, at *3 (E.D. Pa. June 16, 2009) (applying Pennsylvania law). In order to establish notice, an "invitee must prove *either* the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Estate of Swift v. Ne.

Hosp., 690 A.2d 719, 722 (Pa. Super. Ct. 1997) (emphasis added).

In this case, there is at least a jury question regarding constructive notice. Constructive notice requires proof that the relevant condition was present long enough that, in the exercise of reasonable care, the defendant should have known of its presence. Martino v. Great Atl. & Pac. Tea Co., 213 A.2d 608, 610 (Pa. 1965). "The question of whether a landowner had constructive notice of a dangerous condition and thus should have known of the defect, i.e., the defect was apparent upon reasonable inspection, is a question for the jury and may be decided by the court only when reasonable minds could not differ as to the conclusion." Comm. Dep't of Transp. v. Patton, 686 A.2d 1302, 1305 (Pa. 1997). Further, "such questions of whether [an incident] was the result of lack of proper inspection and whether the owner of the premises could have exercised reasonable care in preventing the injury, are questions properly reserved for the jury unless the facts are such that there is no room for doubt." Hagan v. Caldor Dep't Stores, Inc., No. 89-7810, 1991 WL 8429, at *5 (E.D. Pa. Jan. 28, 1991).

Plaintiffs have presented sufficient evidence to survive summary judgment on the issue of constructive notice. Grabosky testified that he was not aware of any formal maintenance plan with Stanley for the automatic doors, or of any request for preventative maintenance prior to the date of the incident. Based on the record evidence, it appears the Hotel only requested that Stanley perform maintenance on the doors when obvious problems arose. Further, both Grabosky and Canlas testified that they were not aware of any formal inspection program in place at the Hotel to verify the safety of the automatic doors on a periodic basis. Finally, Plaintiffs' expert submitted a report that opines that Columbia Sussex failed to fulfill its obligation to perform "Daily Safety Checks" on the doors as required by the manufacturer and

industry standards.

In this case, regarding the issue of constructive notice, there are factual issues concerning whether Columbia Sussex should have discovered the alleged defective condition of the door in the exercise of reasonable care.  Specifically, whether Columbia Sussex should have performed more detailed inspections of the automatic doors, or requested that Stanley perform preventative maintenance, and whether these inspections or preventative maintenance would have uncovered any defect prior to Ms. Speirs's accident.  Moreover, there is a question regarding whether Columbia Sussex had an enhanced duty of inspection because there were previous problems with both doors and because the sensors on the doors were previously replaced.

For the reasons that are set forth above, the Court finds summary judgment in Columbia's Sussex's favor is inappropriate in this matter because Speirs has produced sufficient evidence to withstand summary judgment.  Accordingly, Columbia Sussex's Motion will be denied.

An appropriate Order follows.